**UNITED STATES of America, Appellee**

v.

**Robert Eugene WRIGHT, Appellant.**

**No. 08–3065.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 4, 2011.

---

Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Michael Alan Olshonsky, Law Office of Michael Alan Olshonsky, Washington, DC, for Appellant.

BEFORE: GINSBURG, ROGERS, and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing, it is

■ **ORDERED AND ADJUDGED** that the judgment of conviction be affirmed. Appellant's claim of ineffective assistance of counsel fails because he has not shown (1) "that counsel's performance was deficient," or (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, appellant has failed to show that his counsel's performance "fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. Appellant's claim of deficient performance is premised on his factual assertion that his counsel assured him that he would receive no more than a five-year sentence. But the district court, whose credibility determinations were not clearly erroneous, *see United States v.*

*Hart,* 324 F.3d 740, 747 (D.C.Cir.2003), failed to credit appellant's testimony that his counsel had guaranteed a five-year sentence.

■ Second, appellant has not demonstrated the prejudice required to sustain an ineffective assistance claim because he has not shown "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Because, as appellant concedes, the district court explained during the plea colloquy that appellant's sentence could be longer than five years, any prejudice from his counsel's alleged error "evaporated during the rule 11 colloquy." *United States v. Farley,* 72 F.3d 158, 165 (D.C.Cir.1995); *see also In re Sealed Case,* 488 F.3d 1011, 1016 (D.C.Cir.2007). Moreover, appellant's claim of prejudice also fails because the likelihood of him insisting on going to trial is undermined by the strength of the government's case against him—not just for the crime to which he pled guilty but also for the more serious crime charged in the indictment. *See In re Sealed Case,* 488 F.3d at 1017–18. Appellant's bald assertion of innocence does little to counter the considerable evidence the government had against him, and because "the chances of conviction were substantial," appellant has failed to show a "reasonable probability" that he "would have insisted on going to trial." *Id.* at 1019 (internal quotation marks omitted).

■ Finally, appellant has failed to show "that withdrawal of his plea is necessary to correct a 'manifest injustice.'" *Farley,* 72 F.3d at 162 (quoting *United States v. Watley,* 987 F.2d 841, 847–48 (D.C.Cir.1993)). Appellant fails to allege any error by the district court in its conduct of the rule 11 colloquy. And although

he claims to be innocent, "he offers nothing more than his assertion to support his innocence," which "falls well short of presenting a legally cognizable defense to the charge[ ] to which he pled guilty." *Farley,* 72 F.3d at 163.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.